IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JASON BENDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-cv-00469-SRB |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint (Doc. #145). For the reasons discussed below, Defendant BNSF Railway Company's motion is granted.

### I. Background

This Federal Employers' Liability Act ("FELA") suit arises out of an alleged injury that occurred on May 16, 2012, when Plaintiff Jason Benda, a BNSF engineer, jumped from the eastbound train as it was approaching a westbound train on the same railroad track. On May 27, 2014, Plaintiff Jason Benda ("Benda") filed his Amended Complaint against Defendant BNSF Railway Company ("BNSF") asserting three counts: (1) FELA – Negligence; (2) Negligence – Res Ipsa Loquitur; and (3) Violation of 49 CFR Chapter 240.305 Strict Liability.

On July 9, 2015, BNSF filed Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint. BNSF argues that (1) a plaintiff asserting a claim under the FELA is not entitled to assert a separate claim or cause of action for violation of statutes or regulations; and (2) Plaintiff may not assert a strict liability claim under 49 CFR § 240.305 because the regulation was not "enacted for the safety of employees" within the meaning of 45 U.S.C. § 53.

## II. Legal Standard

In order to survive the motion to dismiss, Plaintiff's complaint must meet the standard set out in Rule 8(a), which requires that a plaintiff plead sufficient facts to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is not sufficient. Id.

In determining whether the complaint alleges sufficient facts to state a plausible claim to relief, all factual allegations made by the plaintiff are accepted as true. Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007) (noting that legal allegations are not accepted as true). If the facts in the complaint are sufficient for the Court to draw a reasonable inference that Defendant is liable for the alleged misconduct, the claim has facial plausibility and will not be dismissed. Iqbal, 556 U.S. at 678.

## III. Discussion

Count III of Plaintiff's Amended Complaint asserts a claim against BNSF for "Violation of 49 CFR Chapter 240.305 Strict Liability." BNSF claims Count III fails for two reasons: (1) Plaintiff Benda is not entitled to bring a separate cause of action for violation of a statute or regulation; and (2) Plaintiff's claim under 49 CFR § 240.305(a)(1) is not a strict liability claim as a matter of law. Benda agrees with BNSF's argument that a plaintiff may only assert one claim under the FELA but, argues that Count III is simply an alternative theory of negligence.

As acknowledged by both Benda and BNSF, it is generally recognized by the courts that FELA plaintiffs are not entitled to assert a separate claim or cause of action for violation of

statutes or regulations. See Moses v. Union Pac. R.R., 64 F.3d 413, 418 (8th Cir. 1995) ("The FSAAs, however, do not create an independent cause of action for injured parties."); Payton v. Union Pacific Ry. Co., 405 S.W.3d 1, 5 (Mo. App. 2013) ("LIA does not confer a right of action on an injured plaintiff but rather allows a plaintiff to treat a proven LIA violation as negligence per se in an action under FELA."); Urie v. Thompson, 337 U.S. 163, 189 (1949) ("Safety Appliance Act cannot be regarded as statutes wholly separate from and independent of the Federal Employers' Liability Act.").

When considering a motion to dismiss, "courts must consider the complaint in its entirety." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007). Paragraph 16 of Count III "incorporates Paragraphs 1 through and including 7 from Count I of this Complaint." Within the incorporated section set forth in paragraph 16, paragraph 3 states, "The jurisdiction of this Court is based upon Title 45 U.S.C. § 51-60, commonly referred to as the Federal Employers' Liability Act ("FELA")." Benda asserts that incorporation of paragraph 3 proves Count III was brought under FELA. However, after a thorough review of the complaint in its entirety, the language of Count III supports BNSF's argument that, in addition to the FELA negligence claim set forth in Count I, Count III asserts a separate cause of action seeking to impose strict liability for a violation of a regulation.

Therefore, the Court finds that Count III is improper and must be dismissed from this action. Because the Court finds that Count III attempts to assert a stand-alone claim for violation of 49 CFR § 240.305, the Court need not address BNSF's assertion that 49 CFR § 240.305(a)(1) is not a strict liability claim as a matter of law.

### VI. Conclusion

Accordingly, it is hereby

**ORDERED** that Defendant BNSF Railway Company's Motion to Dismiss (Doc. #145) is GRANTED as to Count III of Plaintiff's Amended Complaint.

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: August 20, 2015